UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-139-MOC-DCK

| | |
|---|---|
| LESLIE NASSER ASR,<br>**Individually and as parent of minor**<br>**Child DM,**<br><br>Plaintiff,<br>vs.<br><br>**CHARLES G. MONNETT,**<br>**CHARLES G. MONNETT &**<br>**ASSOCIATES,**<br><br>Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on a Motion to Dismiss by Defendants. (Doc. No. 6).

## I. BACKGROUND

Pro se Plaintiff Leslier Nasser Asr, individually as the parent of minor child DM, commenced this action on March 6, 2020, naming as Defendants Charles G. Monnett and Charles G. Monnett III & Associates. This action is related to an underlying civil action, Mogharrebi vs. KinderCare Education, LLC, Civil Action 17-CVS-11996, which remains pending in Mecklenburg County Superior Court on behalf of the minor child DM for personal injuries sustained in the incident that is the subject of that action. Defendants represented DM in that action. A hearing was scheduled before Judge Karen Eady-Williams in Mecklenburg County Superior Court on March 27, 2020, with regard to the disbursement of the net settlement proceeds obtained on behalf of the minor child. That hearing has now been postponed indefinitely due to the disruption of the court's schedule caused by coronavirus.

1

In this action, Plaintiff alleges that, while acting as Plaintiff's counsel in the underlying state court action, Defendant Monnett bullied and harassed Plaintiff based on her national origin (Iranian) and intimidated her into entering into a settlement for her minor child that she did not want to enter into. Plaintiff purports to bring the following claims against Defendants Monnett and his law firm Charles G. Monnett III & Associates: (1) "Conspiracy and Violating Human Right by Racial Discrimination and Harassment"; (2) "Fraud and Violating Human Right for Having Fair Trial"; (3) and "Falsifying, Conspiracy, and Violating Human Right."

Defendants filed the pending motion to dismiss on March 27, 2020. On March 30, 2020, the Court ordered Plaintiff to respond, advising Plaintiff that "failure to file a timely response will likely lead to dismissal of the claims against Defendant." (Doc. No. 8). Despite seeking and obtaining extensions of time, Plaintiff has not responded to the motion to dismiss, and the time to do so has passed. Thus, the matter is ripe for disposition.

## II. STANDARD OF REVIEW

Defendants move to dismiss this action under Rules 12(b)(1) and 12(b)(6). A Rule 12(b)(1) motion challenges whether a court has subject matter jurisdiction. Subject matter jurisdiction is a threshold issue that courts must resolve before they address the merits of a case. Darling v. Falls, 236 F. Supp. 3d 914, 920 (M.D.N.C. 2017) (quoting Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005)). To this end, a 12(b)(1) motion asks the court to determine whether the plaintiff "has a right to be in the district court." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012).

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a

claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

"When considering a motion to dismiss involving pro se parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the pro se plaintiff."

3

Gordon, 574 F.2d at 1151 (quotation omitted).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Defendants first contend that this action must be dismissed for lack of subject matter jurisdiction. For the following reasons, the Court agrees.

Federal courts are courts of limited jurisdiction, meaning that a federal court is empowered only to consider certain types of claims. Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 432 (4th Cir. 2014). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331, or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties, pursuant to 28 U.S.C. § 1332. Questions regarding subject matter jurisdiction may be raised by either party at any time or sua sponte by the court. Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997). The burden of establishing subject matter jurisdiction is on the party asserting its existence. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Plaintiff relies on 28 U.S.C. § 1332 as the basis for invoking this Court's subject matter jurisdiction, but Plaintiff has not established diversity of citizenship. See (Doc. No. 1 at 3). "When original jurisdiction is based on diversity of citizenship, the cause of action must be between parties of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant." Elliot v. Am. States Ins. Co., 883 F.3d 384, 394 (4th Cir. 2018). Plaintiff correctly states that Defendant Charles G. Monnett is a citizen of the State of North Carolina. Charles G. Monnett III & Associates does not exist as a separate entity. Plaintiff Asr asserted Iranian and Canadian citizenship (Doc. 1 at 3), listed her residence and

domicile as Charlotte and Mecklenburg County in the Complaint, (Doc. 1 at 1), and failed to make any allegation whatsoever with regard to the citizenship or residency of DM, the infant/minor child for whom she filed this action in her alleged capacity as his legal representative.  Defendant notes that DM is a citizen and/or resident of both North Carolina and the United States, having been born in Charlotte, North Carolina.  By its plain language, 28 U.S.C. § 1332(c)(2), the federal statute governing diversity of citizenship, provides that "the legal representative . . . of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent."  Plaintiff Asr filed her Complaint in the claimed legal representative capacity of her infant child as stated in the Complaint: "DM, a Minor Child Through his mother Leila Nasser Asr." (Doc. No. 1, at 3, 6).  Plaintiff therefore "shall be deemed to be a citizen only of the same State as the infant," which is North Carolina.  As both Plaintiff—as a legal representative of an infant—and Defendants are citizens of North Carolina, complete diversity does not exist.  Buffkin v. Maruchan, Inc., No. 1:14CV3, 2016 WL 183548, at *2 (M.D.N.C. Jan. 14, 2016) (stating that "'the next friend or guardian ad litem of an infant is a mere mechanical device . . . the infant is the real litigant and his would be the controlling citizenship.'… 'the citizenship of the infant determines the question of diversity, and not that of the guardian ad litem'"); Jones v. N.C. Dep't of Transp., No. 3:15-cv-170, 2015 WL 4663875, at *2 (W.D.N.C. Aug. 6, 2015) (dismissing a complaint for lack of jurisdiction where a "legal representative" and the defendant were "both citizens of North Carolina for the purposes of this case").

  As the party invoking this Court's diversity jurisdiction, Plaintiff also bears the burden of showing that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).  Plaintiff cannot meet her burden of showing the amount in controversy exceeds $75,000 for two reasons.

First, Plaintiff's Complaint does not even attempt to satisfy the amount-in-controversy requirement, as this portion of the Complaint is left blank. Second, even if Plaintiff had alleged an amount in controversy, Plaintiff still "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Rosas v. Hearn, No. 3:19-CV-594-RJC-DSC, 2019 WL 6880631, at *2 (W.D.N.C. Dec. 17, 2019). "[T]he amount in controversy requirement cannot be based on speculation or 'what ifs' that may occur." Christopher v. Miller, No. 5:16CV188, 2017 WL 462010, at *3 (N.D. W. Va. Feb. 2, 2017). Plaintiff cannot meet that burden because the Complaint makes clear that Plaintiff has not suffered any damages whatsoever. At best, Plaintiff describes the possibility that a court might take some action in the future that might affect Plaintiff and the minor child.[1] And even then, the Complaint leaves the Court and Defendants to guess as to what that harm might be. Plaintiff's speculative "what if" allegations fall well short of establishing the requisite amount in controversy. Christopher, 2017 WL 462010, at *3.

In sum, because Plaintiff has not met her burden of showing that, pursuant to 28 U.S.C. § 1332, complete diversity of citizenship has been met, or that the amount in controversy has been satisfied, Plaintiff has failed to show that this Court has subject matter jurisdiction, and the action will therefore be dismissed for that reason alone.

### B. Alternative Grounds for Dismissal

Defendants contend that, alternatively, this matter is subject to dismissal because Plaintiff Asr cannot bring suit on behalf of her minor child. The Court agrees. Although Federal Rule of

---

[1] Similarly, Defendants also argue that Plaintiff lacks standing because she has not suffered any damages. Plaintiff alleges that "if" a North Carolina trial court judge enters an order approving a special needs trust, Plaintiff may not be appointed as Trustee. According to Defendants, these allegations of "possible future injury are not sufficient" to establish standing.

Civil Procedure 17(c) does permit a case to be brought on behalf of a minor by either a guardian ad litem or next friend, a non-attorney parent cannot litigate in federal court on behalf of a minor child without licensed counsel.  See Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) ("We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court.") (citing cases).  Thus, Plaintiff Asr, as a pro se litigant, may not bring this action on behalf of her minor child because she is not a licensed attorney.  Id. at 400 (explaining that "[t]he right to litigate for oneself . . . does not create a coordinate right to litigate for others").  For this alternative reason, Plaintiffs' lawsuit must also be dismissed.

Next, Defendants also argue that, even if this Court could exercise subject matter jurisdiction, the pleadings in the Complaint simply do not state a cognizable claim and the Complaint is subject to dismissal under Rule 12(b)(6).  The Court agrees.  Other than using conclusory allegations and legal jargon, Plaintiff fails to define what "Human Right" was violated and how in her Complaint.  Silvers v. Iredell Cty. Dep't of Soc. Servs., No. 5:15-CV-00083-RLV-DCK, 2016 WL 427953, at *15 (W.D.N.C. Feb. 3, 2016) (dismissing the plaintiff's claim for a vague violation of "International Human Rights" because the plaintiff failed to "cite this Court to any treaty or executive agreement of the United States that affords Plaintiff rights that may be vindicated").  Furthermore, Plaintiff's claim for conspiracy also fails, because "North Carolina does not recognize an independent cause of action for civil conspiracy." USA Trouser, S.A. de C.V. v. Williams, 812 S.E.2d 373, 380 (N.C. Ct. App.), review denied, 817 S.E.2d 199 (N.C. 2018).  Thus, even if this Court had subject matter jurisdiction, the action would be subject to dismissal on this alternative ground.

IV. **CONCLUSION**

For the reasons stated herein, Plaintiff's action is dismissed.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendants' Motion to Dismiss, (Doc. No. 6), is **GRANTED**, and this matter is dismissed with prejudice.

(4) The Clerk is directed to terminate this action.

Signed: October 29, 2020

Max O. Cogburn Jr.
United States District Judge